UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RODNEY MCGILL,**

      **Plaintiff,**

v.                                                                                      Case No:  6:16-cv-2245-Orl-41DCI

**WELLS FARGO HOME MORTGAGE, INDY MAC BANK, FIRST NLC FINANCIAL SERVICES, CIT GROUP, WILSHIRE FINANCIAL, JEFFREY HENSCHEL and OWEN FINANCIAL GROUP,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned after Plaintiff's failure to timely respond to the pending Order to Show Cause (Doc. 4).  For the reasons discussed below, the undersigned recommends the case be transferred to the United States District Court for the Southern District of Florida, Fort Pierce Division.

On December 30, 2016, Plaintiff filed a complaint (the Complaint) against an individual and several corporate defendants (collectively, Defendants), none of whom, according to the Complaint, reside in this District. Doc. 1.  This case stems from Plaintiff's 2009 prosecution and conviction for grand theft, racketeering, and obtaining a mortgage by false representation in Martin County, Florida.  *See id*. at 4-6.  Plaintiff claims that Defendants committed fraud on the court during his criminal prosecution, which ultimately lead to his conviction.  *See id*. at 6-13.  Plaintiff is currently incarcerated in Tomoka Correctional Institution, in Volusia County, Florida.  *Id*. at 1.

On January 13, 2017, the undersigned entered an Order to Show Cause against Plaintiff, directing him to show cause in writing on or before February 3, 2017, why this case should not be transferred to the Southern District of Florida. Doc. 4. The undersigned admonished Plaintiff that "[f]ailure to respond in the time provided will result in the case being transferred to the Southern District of Florida, Fort Pierce Division." *Id*. at 3. Plaintiff has not responded to the Order to Show Cause, and the time to respond to the Order to Show Cause has passed.

As a general matter, a civil action may only be brought in a district where: 1) any defendant resides, if all defendants reside in the same state; 2) a substantial part of the events or omissions giving rise to the claim took place, or 3) the defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). A district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice. *See* 28 U.S.C. § 1404(a); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district). The court, though, must provide the parties with notice and an opportunity to be heard before transferring a case to another district court. *Tazoe*, 631 F.3d at 1336.

It appears this case was filed in the Middle District of Florida because Plaintiff is incarcerated in Volusia County, which lies within the Middle District of Florida's jurisdictional boundaries. *See* Local Rule 1.02. Plaintiff's current location, however, is not generally considered in determining the proper venue for the case. *See* 28 U.S.C. § 1391(b). The Court, instead, generally looks to where the defendant(s) reside or where the events or omissions giving rise to the claim(s) occurred. *Id*. It appears that none of the Defendants reside Middle District of Florida,

and that the events giving rise to Plaintiff's claims occurred in Martin County, Florida, which is located in the Southern District of Florida. Doc. 1 at 3-13; *see* 28 U.S.C. 1931(c)(1)-(2) (defining residency for purposes of determining the proper venue). Therefore, on this record, the undersigned finds the Southern District of Florida, not the Middle District of Florida, is the proper venue for this action. The undersigned provided Plaintiff with an opportunity to explain why this case should not be transferred, Doc. 4, but Plaintiff failed to respond in the time provided. As a result, the undersigned recommends that the case be transferred to the United States District Court for the Southern District of Florida, Fort Pierce Division.[1]

Accordingly, it is **RECOMMENDED** that the Court **TRANSFER** this case to the United States District Court for the Southern District of Florida, Fort Pierce Division for further proceedings.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[1] The Southern District of Florida's local rules provide that actions from Martin County, Florida, shall be docketed in the Fort Pierce Division. Local Rules of the United States District Court for the Southern District of Florida, Rule 3.1.

Recommended in Orlando, Florida on February 6, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy